David A. PAZ, Petitioner-Appellee,

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTION, ENGLEWOOD, COLORADO; United States Parole Commission, Respondents-Appellants.

No. 85–1919.

United States Court of Appeals, Tenth Circuit.

March 11, 1986.

Toby Slawsky, Atty., Gen. Counsel's Office, U.S. Parole Com'n, Chevy Chase, Md. (Robert N. Miller, U.S. Atty. for the Dist. of Colo., and Douglas W. Curless, Asst. U.S. Atty., for the Dist. of Colo., with him on briefs), for respondents-appellants.

Vicki Mandell-King, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on brief), Denver, Colo., for petitioner-appellee.

Before McKAY, SETH and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

The United States Parole Commission appeals from an Order entered by the United States District Court for the District of Colorado, granting David A. Paz's habeas corpus petition and ordering that he be immediately released on parole. The issue in this case is whether the Commission abused its discretion in determining that, because Mr. Paz would not admit that he had committed certain crimes, there was no basis for a finding that he was rehabilitated.

David A. Paz was convicted by a jury of impersonating a federal officer. He was sentenced under the Youth Corrections Act, 18 U.S.C. § 5010(b), to an indeterminate sentence of 0–6 years. The evidence showed that Mr. Paz approached two women at a shopping mall and identified himself as an agent of the Immigration and Naturalization Service. After examining the women's immigration papers, he instructed one of the women to accompany him to "his office." He then drove her to a wooded area and allegedly raped her. Mr. Paz was never charged with the crime of rape, however, apparently because of the victim's delay in reporting the offense.

Mr. Paz entered the Federal Correctional Institute at Englewood, Colorado, on January 6, 1983. His offense severity was rated category 7, and his salient factor was rated 9. Under the YCA guidelines, the customary range of time to be served for such an offense is 40–64 months. 28 C.F.R. § 2.20 (1984). A hearing panel recommended that Mr. Paz's presumptive parole date be set at May 7, 1986, after service of 40 months, and his alternate parole date be set at January 7, 1986, after service of 36 months, the latter date being contingent upon Mr. Paz successfully completing his program plan. However, the Commission later notified Mr. Paz that his presumptive parole date had been set at November 7, 1986, after service of 46 months, and his alternate parole date had been set at May 7, 1986, after service of 40 months.

In December 1983, the Warden at Englewood FCI notified the Commission that Mr. Paz had successfully completed the prescribed program plan and recommended that he be released on June 1, 1984. The

Commission responded to the Warden's recommendation by stating in part:

Although this case was reviewed for consideration under the Superior Program Achievement provisions, it is determined that there will be no change in the previous alternate release date and thus Mr. Paz should be placed on the interim hearing docket in November 1984 unless he has no misconduct, and he waives [sic]. At that time, the Commission will again consider the issues of institutional performance and Superior Program Achievement.

Record, vol. 1, at 29. Mr. Paz filed a petition for writ of habeas corpus, contending that the Commission's decision not to alter his release date constituted an abuse of discretion. The district court ordered the Commission to notify the court within twenty days if and when it would afford Mr. Paz a release hearing to consider the Warden's certification of program completion. The Commission requested a stay of that Order pending our decision in *Benedict v. Rogers,* 748 F.2d 543 (10th Cir.1985) (on petition for rehearing). The district court granted a stay until December 31, 1984. As of January 25, 1985, the Commission had not notified the district court whether it would grant Mr. Paz a release hearing. As a result, the district court granted Mr. Paz's petition for writ of habeas corpus and ordered that he be immediately released on parole. Thereafter, the Commission moved the district court to amend its Order and allow the Commission to conduct a release hearing on January 29, 1985. The district court granted the Commission's motion, and, on January 29, 1985, the Commission conducted a release hearing to determine whether Mr. Paz was rehabilitated.

At the hearing, little inquiry was made of Mr. Paz's activities while at Englewood. Instead, the hearing examiners spent most of the hearing attempting to elicit from Mr. Paz an admission that he had committed a rape while impersonating a federal officer. Dissatisfied with Mr. Paz's oft-repeated response that he had not committed a rape or impersonated an officer, the hearing examiners informed Mr. Paz that the Commission had determined by a preponderance of the evidence that he had committed a rape and challenged him to refute this finding. Mr. Paz told the panel that he was apparently a victim of mistaken identity and that he had never committed a rape or impersonated an officer.

A representative of the Bureau of Prisons attended the hearing and told the panel that Mr. Paz had successfully completed his program plan and all programs necessary for rehabilitation. Additionally, he informed the panel that the unit psychologist at Englewood found that Mr. Paz had developed insight into the inappropriateness of his behavior. The panel stated that, in view of Mr. Paz's claim that he never impersonated a federal officer or committed a rape, it doubted the unit psychologist's finding.

Immediately after the hearing, the facility director at the institution where Mr. Paz was confined spoke with the members of the panel. He informed the panel that Mr. Paz had explained to him after the hearing that the reason he continued to maintain his innocence was that he feared that he would be prosecuted for perjury if his statements at the hearing differed from his testimony at trial. The panel noted the facility director's statement in its written summary of the hearing, but gave short shrift to Mr. Paz's explanation and merely concluded that Mr. Paz was "evasive and unresponsive regarding his offense and there is no evidence to indicate that he has been rehabilitated." Record, vol. 1, at 145. The panel recommended that Mr. Paz's presumptive parole date of November 7, 1986, and his alternate parole date of May 7, 1986, remain in effect.

Thereafter, the Commission filed a "Report of Compliance" in the district court, stating:

The Commission found that although petitioner had maintained clear conduct, received excellent work reports in a vehicular components program and participated in group counseling and individual

psychotherapy, his responses to questions by the examiners at his release hearing were evasive and indirect and indicated that he accepted no responsibility for the rape he committed. Petitioner's failure to understand and acknowledge the wrongfulness of his criminal acts evidenced to the Commission that his efforts at rehabilitation had not yet been successful.

Record, vol. 1, at 124. Mr. Paz filed an objection to the Commission's "Report of Compliance," challenging the Commission's determination that Mr. Paz was not rehabilitated. On March 27, 1985, the district court held a hearing and ordered the Commission to notify the court within fifteen days whether it would reopen Mr. Paz's hearing to consider specifically his explanation for maintaining his innocence at the release hearing. On April 15, 1985, the Commission submitted a "Supplemental Report of Compliance," informing the court that "[t]he duty to assess the evidence of petitioner's rehabilitation is the Commission's," record, vol. 1, at 156, and that Mr. Paz's case would not be reopened for a rehearing. On April 22, 1985, the district court ruled that the Commission's "Supplemental Report of Compliance" was a "specious endeavor to flaunt the mandate of this circuit and my order'" record, vol. 1, at 162, and ordered that Mr. Paz be immediately released on parole.

On appeal the Commission challenges the district court's authority to order the Commission to release Mr. Paz on parole. Further, the Commission maintains that its decision not to alter Mr. Paz's release date complied with the requirements of the YCA as interpreted by this court in *Watts v. Hadden*, 651 F.2d 1354 (10th Cir.1981), and *Benedict v. Rodgers*, 748 F.2d 543 (10th Cir.1984).

In *Benedict v. Rodgers, supra*, we determined that the Parole Commission had not complied with the requirements of the YCA by setting a presumptive release date and an alternative release date for youth offenders, the latter date contingent upon the offender's successful completion of his program plan. We observed in *Benedict* that "[a] proposed formulaic reduction of sentence for completion of a program plan does not approximate an evaluation of an *individual* offender's *response to treatment* as mandated by *Watts*. Nor does it amount to consideration of rehabilitation as a *determinative factor* in parole decisions as *Watts* explicitly requires." *Id.* at 546. We held in *Benedict* that "the individual offender's response to treatment and degree of rehabilitation must be [a] determinative factor" in the Parole Commission's release decision. *Id.* at 547.*

"Judicial review of the Parole Board decisions is narrow. The standard of review of the action by the Parole Commission is whether the decision is arbitrary and capricious or is an abuse of discretion." *Nunez-Guardado v. Hadden*, 722 F.2d 618, 620 (10th Cir.1983) (quoting *Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir.1977)); *see* 18 U.S.C. § 4218(d) (1976).

The Commission acknowledges that *Benedict* requires the youth offender's response to treatment and degree of rehabilitation to be "a determinative factor" in its release decision. The Commission maintains, however, that its determination that Mr. Paz was not yet rehabilitated was "clearly central to the release decision." Appellant's Brief at 8. The Commission contends that Mr. Paz's "evasions, inconsistent statements and failure to acknowledge guilt for his crimes, even if motivated by fear of prosecution for perjury, evidenced to the Commission that he was not rehabilitated." *Id.* The Commission also states that Mr. Paz was given repeated opportunities during the hearing to admit his wrongdoing and that "all matters necessary for a decision had been brought to the Commission's attention." Appellant's Brief at 10.

---

* On January 14, 1985, this court amended its opinion in *Benedict* to provide that rehabilitation must be "a" determinative factor rather than "the" determinative factor in the parole decision.

On the basis of the record, we agree with the district court that the Parole Commission's decision not to alter Mr. Paz's release date was arbitrary and capricious. We recognize that an offender's inability to accept responsibility for the wrongfulness of his conduct may properly be considered by the Parole Commission in determining that the offender has not been rehabilitated. This is not to say, however, that the Commission may require an offender to confess to his crimes as a prerequisite to a finding that the offender has been rehabilitated. Here, the Commission went even further and insisted that Mr. Paz confess to a crime that he was never charged with, much less convicted of. The hearing examiners who conducted Mr. Paz's release hearing seemed obsessed with eliciting from him a confession to the crime of rape. The Commission's "Report of Compliance" is telling in this regard in that it states Mr. Paz had not accepted responsibility "for the rape he committed." Record, vol. 1, at 124. By overemphasizing this factor in its release decision, and by closing its eyes to overwhelming evidence establishing that Mr. Paz was rehabilitated, we do not think the Commission has complied with the requirements of the YCA, as interpreted in *Watts, supra.*

Even when presented with a perfectly plausible explanation for Mr. Paz's evasiveness at the release hearing, the Commission declined to reopen the hearing for further consideration. The Commission contends that it was unnecessary to reopen the hearing, because the hearing examiners took into account Mr. Paz's statement to the facility director before rendering its decision that Mr. Paz was not rehabilitated. In *Benedict v. Rodgers, supra,* this court stated that the Commission's evaluation of an offender "must be made in sufficient detail to permit a determination that the Commission has complied fully with the requirements of the YCA." 784 F.2d at 547. After reviewing the Commission's written summary of the release hearing, we are convinced that the hearing examiners completely ignored Mr. Paz's explanation for being evasive during the hearing.

We agree with the district court that, in basing its decision entirely on Mr. Paz's refusal to confess, and by further refusing to consider Mr. Paz's explanation for being untruthful, the Commission's decision not to alter Mr. Paz's release date was arbitrary and capricious.

Relying on *Billiteri v. United States Bd. of Parole,* 541 F.2d 938 (2d Cir.1976), the Commission asserts that, even if its decision was arbitrary and capricious, the district court exceeded its authority by ordering the Commission to release Mr. Paz from custody. In *Billiteri,* the district court concluded that the Parole Board's action constituted an abuse of discretion and ordered the Board to release Billiteri from federal custody unless the Board reconsidered its decision within thirty days. In compliance with the district court's order, the Parole Board conducted a second hearing. However, the district court found that the second hearing was also inadequate. The district court then conducted a de novo parole hearing and, finding that there was insufficient evidence to justify a denial of parole, *sua sponte* ordered the Board to release Billiteri. The Second Circuit reversed, holding that the district court exceeded its authority in conducting its own parole hearing and ordering the Parole Board to release Billiteri on parole. The Second Circuit discussed the boundaries of the district court's authority when reviewing Parole Board decisions:

> The district court, of course, has authority to review a decision by the Board, where the issue has been properly brought before the court in a habeas corpus proceeding, which shows an abuse of discretion on the part of the Board, resulting in an abridgement of the petitioner's constitutional rights. *Clay v. Henderson,* 524 F.2d 921, 924 (5 Cir. 1975) [sic]. The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas cor-

pus and order the prisoner discharged from custody.

*Id.* at 944. Here, there is no allegation that the district court conducted its own parole hearing. Thus, this case is quite unlike *Billiteri.* Indeed, the district court went to great lengths to avoid interfering with the Commission's decisionmaking authority. At the hearing held March 27, 1985, the court stated:

> I am going to order the Commission to make a determination within 15 days whether it will grant a reopening of the hearing to Mr. Paz, to specifically consider not only the report of Mr. Keohane, but also a re-examination of Mr. Paz in light of that report.
>
> If the Commission determines it will not reopen the hearing after the 15 day period, I want that fact reported to me and I will consider the possibility of immediate relief at that time.
>
> .　　.　　.　　.　　.
>
> I want it expressed to the Commission that I am doing this solely to allow them to exercise their full discretion. One measure of my determination, however, will be how willing they are to comply with what I consider to be the spirit of *Watts v. Hadden,* in light of my present belief that the full aspect of that spirit is not fully complied with at this point, and I will leave it to you [the Assistant United States Attorney] to convey to the Commission my feelings that I have expressed this afternoon.
>
> If the report after 15 days indicates the Commission's unwillingness to reopen this matter, then I will make my decision sua sponte without any further hearing.
>
> .　　.　　:　　.　　.
>
> I think the handwriting may be on the wall for you [the Assistant United States Attorney].

Record, vol. 2, at 9, 10. We believe that the district court gave the Commission more than adequate leeway to exercise its discretion. The court made it perfectly clear to the Commission that, if it decided not to reopen Mr. Paz's case, the court was prepared to grant habeas corpus relief. Only when the Commission defiantly refused to reopen the case did the court resort to the severe remedy of ordering that Mr. Paz be released. In these circumstances, the district court did not exceed its authority.

The judgment of the district court is AFFIRMED.