945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Gene HARRINGTON, Petitioner-Appellant
v.
Robert REDMAN, Respondent-Appellee.
 No. 91-1447.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Gene Harrington, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a writ of habeas corpus, Harrington, who was denied early parole, alleged that he was denied due process in his pre-parole release processing. Specifically, Harrington complained that a dated parole eligibility report was used at his parole hearing; that respondent did not explain the parole process or the parole hearing to him; and that the respondent was not correcting procedural errors. Harrington alleged that the delay in his receiving parole has prevented him from receiving treatment for unspecified medical needs.
 
 
 3
 A United States magistrate judge recommended that the petition be denied, finding that Harrington was not entitled to relief because he had no constitutional or state created right to parole. The district court adopted the magistrate's recommendation over Harrington's objections.
 
 
 4
 On appeal, Harrington reasserts his claim, and has filed a motion to compel the respondent to comply with Michigan Court Rule 23(a) based upon Harrington's belief that he was transferred to another prison in retaliation for his legal activities. Harrington has filed a pro se brief, and the respondent has notified the court that he will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's judgment. Harrington failed to allege that he was deprived of a right secured by the federal Constitution or laws of the United States. There is no constitutional or inherent right to parole. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex 442 U.S. 1, 7 (1979). Nor does the applicable state statute, Mich.Comp. Laws § 791.233, create a protected liberty interest in parole. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989). In addition, Harrington's claim that respondent's conduct violated state procedural rules does not rise to a level of constitutional magnitude. See Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990).
 
 
 6
 Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.