951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Scott Thomas REED, Plaintiff-Appellant,
v.
June HINCKLEY, individually as Records Manager at the Utah
State Prison, Defendant-Appellee.
 No. 91-4094.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Scott Reed appeals an order of the district court adopting the report of the magistrate, which dismissed defendant's suit brought under 42 U.S.C. § 1983 against June Hinckley, the Records Manager at the Utah State Prison, and other prison officials. Reed appeals on the grounds that the district court erred in failing to find a violation of his right to due process of law because of erroneous information in his prison file. Reed also contends that the district court erred in failing to hold a hearing on his claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 Reed alleges that his official prison file contains erroneous information that should be expunged. Because of this erroneous information, Reed claims that he has been mistreated by prison authorities. Reed further alleges that the prison attorneys available to him did not adequately represent his interests and that he was denied access to an adequate law library.
 
 
 5
 We agree with the magistrate that Reed has failed to point to any actions of these defendants that have deprived him of his Eighth Amendment rights against cruel and unusual punishment. Reed has failed to demonstrate either wanton infliction of pain or deliberate indifference to serious medical needs. Whitley v. Albers, 475 U.S. 312 (1986). Further, Reed has not shown that any Sixth Amendment rights are implicated in this action. His mere conclusory allegations fail to allege a constitutional violation.
 
 
 6
 With respect to Reed's due process claim, he has pointed to no loss of any right or privilege to which he is entitled at the Utah State Penitentiary. Indeed, petitioner has no rights to any particular privileges or classification during his incarceration. Further, Reed has no liberty interest in parole because Utah law does not create an expectancy of parole and because parole is discretionary with the State Board. See Greenholtz v. Inmates of Nebraska Panel & Correctional Complex, 442 U.S. 1 (1979); Dock v. Latimer, 729 F.2d 1287 (10th Cir.), cert. denied, 469 U.S. 885 (1984). Thus, we agree with the magistrate and the district court that there has been no claim of a substantive due process violation with regard to the Utah State Prison records. Plaintiff, therefore, has presented no evidence of any arguable violation of his civil rights that would be actionable under 42 U.S.C. § 1983. The order of the district court dismissing petitioner's complaint is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3