**UNITED STATES COURT OF APPEALS**
**Filed 9/26/96**
**TENTH CIRCUIT**

---

DEAN WILDERMUTH, a/k/a Shane
McKnight,

       Plaintiff - Appellant,

    v.

YVONNE E. SCOTT; DON ALDERS,
State Parole Board Member,

       Defendants - Appellees.

No. 96-1167
(D. Ct. No. 96-S-602)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Dean Wildermuth appeals the district court's dismissal of his 42

U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). In his complaint

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

appellant claimed that Parole Board's failure to conduct a parole hearing pursuant to Colo. Rev. Stat. § 17-2-201(4)(a) (1986) implicates a liberty interest and constitutes a denial of due process under the Fourteenth Amendment. The district court dismissed the complaint as frivolous under section 1915(d) because the Board's decision not to afford appellant an annual parole hearing under the amended version of Colo. Rev. Stat. § 17-2-201(4)(a) (1995 Supp.) does not implicate a Fourteenth Amendment liberty interest.

Section 17-2-201(4)(a) governs the timing of an applicant's parole review. Appellant contends that the relevant Colorado statute is the pre-amendment version of section 17-2-201(4)(a) and that the district court erred in applying the amended version of that statute "retroactively." Under the pre-amendment version, the Parole Board was bound to annually review the denial of an eligible applicant's parole. The amended version of section 17-2-201(4)(a) that became effective on July 1, 1994, changes this rule. Under the amended statute, the Parole Board retains the discretion to reconsider granting parole to an applicant convicted of a class 1 or class 2 crime of violence every three years rather than every year. See Colo. Rev. Stat. § 16-11-309.

Although appellant correctly notes that statutes are generally applied prospectively, he applies this general principle incorrectly. Neither the Parole Board nor the district court applied this statute retroactively, but only

prospectively. From July 1, 1994, onward, the statute allows the Board to postpone the rehearing of the denial of an applicant's parole for two additional years. The Board's discretion is not limited by the date that a particular applicant was convicted or sentenced. In appellant's case, the Parole Board exercised that discretion under the amended statute, choosing to review the denial of his parole in three years rather than one year. Therefore, the court must next consider whether the district court correctly held that the amended section 17-2-201(4)(a) does not create a liberty interest under the Fourteenth Amendment..

Although a state may create a liberty interest in the review of parole decisions that is protected by the Fourteenth Amendment, the provision at issue here is not such a statute. Indeed, one of the ordinary incidents of appellant's incarceration is that the Board may reconsider the denial of his parole every year or every three years at the option of the Parole Board. The application of the statute at issue constitutes neither a restraint on appellant's freedom that "exceeds the sentence in such an unexpected manner as to give rise to protection of the Due process clause by its own force" nor a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. O'Connor, ___ U.S. ___, 115 S. Ct. 2293, 2300 (1995). Neither will the Board's action "inevitably affect the duration of [appellant's] sentence." Sandin, 115 S. Ct. at 2301. The Board's decision to review the denial of

appellant's parole in three years rather than one does not implicate appellant's liberty interests under the Fourteenth Amendment. Accordingly, we AFFIRM the decision of the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge