# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J.  Fisher, Jr.                                      Elisabeth A. Shumaker
     Clerk                                                       Chief Deputy Clerk


June 23, 1998


**TO:**  ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:**  97-1259, *Wildermuth v. Furlong*
         March 25, 1998


The published opinion originally filed on March 25, 1998, is amended to include Judge Stephan H. Anderson's dissent.  A copy of the majority opinion and the dissent are attached for your convenience.

Very truly yours,

Patrick Fisher, Clerk


Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEAN WILDERMUTH, also known
as Shane McKnight,

     Petitioner-Appellant,

v.

ROBERT FURLONG; COLORADO
DEPARTMENT OF PAROLE, also
known as Parole Department;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents-Appellees.

No. 97-1259

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 96-D-599)**

---

Submitted on the briefs:[*]

Michael G. Katz, Federal Public Defender, and Howard A. Pincus, Assistant
Federal Public Defender, for the Petitioner-Appellant.

Gale A. Norton, Attorney General, and Joseph Haughain, Assistant Attorney
General, Civil Litigation Section, for the Respondents-Appellees.

---

[*]At the parties' request, the case is unanimously ordered submitted without oral
argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

_____

**LUCERO**, Circuit Judge.

_____

Mr. Wildermuth is a prisoner in the Colorado state system convicted of first degree murder, serving a life sentence which began in 1975. He has appeared before the Parole Board several times. The Board has denied parole each time. Mr. Wildermuth commenced this 28 U.S.C. § 2254 action after his last parole hearing in 1995.[1] He appeals from an order of the district court denying his petition.[2] We affirm.

In his petition, Mr. Wildermuth alleges that the Parole Board violated his constitutional rights by requiring that he complete a sex offender treatment program ("SOTP") before becoming eligible for parole. Mr. Wildermuth asserts that he need not complete the SOTP because his crime was not sexual in nature.

_____

[1] Mr. Wildermuth may file a petition for writ of habeas corpus in federal district court without first seeking review of the Board's action at the state level. See Mahn v. Gunter, 978 F.2d 599, 600 n.3 (10th Cir. 1992) (citing Schuemann v. Colorado State Bd. of Adult Parole, 624 F.2d 172, 173 (10th Cir. 1980)).

[2] Mr. Wildermuth filed his petition prior to the passage of the Antiterrorism and Effective Death Penalty Act. Because the district court granted a certificate of probable cause, we may review this appeal. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

The magistrate judge held an evidentiary hearing at which a Parole Board member, Ms. Scott, testified. The magistrate judge found her testimony credible and therefore recommended that the district court find no constitutional violation had occurred. After reviewing the entire record and considering Mr. Wildermuth's objections to the magistrate's findings, the district court adopted the recommendation and denied relief.

On appeal, Mr. Wildermuth argues that the district court erred in finding that the Board had not violated his constitutional rights. He also contends that the district court should have held an evidentiary hearing because Ms. Scott's testimony before the magistrate was inconsistent with her statements recorded at the parole hearing.

When reviewing a district court's denial of a habeas petition, we accept the court's findings of fact unless they are clearly erroneous. See Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). We review the court's conclusions of law de novo. See id.

Before the magistrate, Ms. Scott testified that Mr. Wildermuth was denied parole for several reasons. She noted that he has never expressed remorse for his conduct and has changed his account of the crime multiple times. Her major concern, she testified, arose from Mr. Wildermuth's statement that when he gets drunk, he blacks out and becomes violent: "[T]here's no indication at all that this

cannot reoccur.  Because when he gets drunk he gets violent and he blacks out.  And he commits these types of crimes.  And that's a scary thought to me, and to me that makes him a public risk."  II R. at 62-63.  She conceded that Petitioner's refusal to participate in various programs offered at the prison, as well as the reasons for his refusal, factored into her decision.

Petitioner asserts that the district court should have held a de novo evidentiary hearing, because Ms. Scott's testimony before the magistrate is at odds with her statements at the parole hearing.  If a party files objections to the magistrate judge's credibility findings, the district court must undertake a de novo review of the record, which includes reading the transcript of the evidentiary hearing.  See Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).  However, a de novo hearing is not required if the court adopts the magistrate judge's recommendation.  See United States v. Orrego-Fernandez, 78 F.3d 1497, 1501 (10th Cir. 1996); see also United States v. Raddatz, 447 U.S. 667, 681 n.7 (1980) (district court's rejection of a magistrate judge's proposed findings on credibility without seeing and hearing the witness whose credibility was at issue could give rise to serious questions).  Because the district court accepted the magistrate judge's findings and credibility determination, a de novo hearing was not required.

Mr. Wildermuth is not entitled to mandatory parole. See Thiret v. Kautzky, 792 P.2d 801, 805 (Colo. 1990) (only inmates serving sentences for crimes committed between July 1, 1979 and July 1, 1985, are entitled to mandatory parole). Thus, the district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted "in an abridgement of the petitioner's constitutional rights." Paz v. Warden, Fed. Correctional Inst., 787 F.2d 469, 473 (10th Cir. 1986) (Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976)); see also Schuemann v. Colorado State Bd. of Adult Parole, 624 F.2d 172, 173 (10th Cir. 1980). We review the district court's decision de novo. See Paz, 787 F.2d at 472-73.

"[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986). Here the Board's denial rested upon several valid reasons: Mr. Wildermuth's lack of remorse, his inconsistent stories, and his violent tendencies when drunk. We need not reach the propriety of the Board's consideration of the SOTP issue, because even if the Board considered Mr. Wildermuth's refusal to participate in the SOTP in reaching its decision, no error occurred. See id.; Solomon v. Elsea, 676 F.2d 282, 290-91 (7th Cir. 1982) (so long as sufficient evidence was before Parole Board to support its decision, its

actions are not an abuse of discretion). We see no reason to disturb the Board's decision or that of the district court.

The judgment is AFFIRMED.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEAN WILDERMUTH, also known
as Shane McKnight,

      Petitioner - Appellant,

    v.

ROBERT FURLONG; COLORADO
DEPARTMENT OF PAROLE, also
known as Parole Department;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 97-1259

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 96-D-599)**

---

Submitted on the briefs:[*]

Michael G. Katz, Federal Public Defender, and Howard A. Pincus, Assistant
Federal Public Defender, Denver, Colorado, for the Petitioner-Appellant.

Gale A Norton, Attorney General, and Joseph Haughain, Assistant Attorney
General, Civil Litigation Section, Denver, Colorado, for the Respondents -
Appellees.

---

[*]At the parties' request, the case is unanimously ordered submitted without oral
argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.

Before ANDERSON, McKAY, and LUCERO, Circuit Judges.

---

**ANDERSON**, Circuit Judge, dissenting.

---

We should never have reached the merits of this case. In direct conflict with abundant Supreme Court authority, the majority opinion has improperly constitutionalized discretionary Colorado state parole board decisions without identifying the source of any liberty interest or other constitutional grounds.

In 1995, Wildermuth, a Colorado state inmate sentenced to life for first degree murder, was denied parole. In response to this denial, Wildermuth filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that "[t]he Colorado Parole Board, by basing its decision on inmate's refusal to confess to rape and participate in the sex offender treatment program, a crime for which he was never charged, acted arbitrarily and capriciously." The district court ultimately denied this petition, and Wildermuth appeals.

Wildermuth's petition is based on two versions of a single issue—whether the parole board violated the Constitution by allegedly requiring him to confess to an uncharged crime in order to enter a sex offenders treatment program and thus obtain parole. Construing his petition broadly, I interpret Wildermuth's argument to be either that the parole board violated his Fifth Amendment right against self-

incrimination or that the board violated his Fourteenth Amendment right to due process.[1]

The Supreme Court has recently rejected an argument substantially similar to the issue Wildermuth raises regarding an alleged violation of his Fifth Amendment rights. In <u>Ohio Adult Parole Authority v. Woodard</u>, 118 S. Ct. 1244 (1998), a unanimous Court held that a voluntary interview does not "compel" an inmate to speak, and thus does not offend the Fifth Amendment. <u>Id.</u> at 1252 (analyzing Ohio's clemency proceedings). Here, Wildermuth's parole interview was voluntary, and "pressure to speak in the hope of improving his chance of being granted [parole] does not make the interview compelled." <u>Id.</u> at 1253.[2]

As for Wildermuth's due process claim, the Supreme Court has also squarely addressed this issue. As always, the threshold question in any due process analysis for a case like this is whether a liberty interest is implicated.[3] <u>Greenholtz v. Inmates of Neb. Penal & Correctional Complex</u>, 442 U.S. 1, 7

---

[1]Even construed broadly, however, neither Wildermuth's petition nor his brief on appeal raises any constitutional claims, such as an Eighth Amendment claim, other than those addressed here.

[2]Since Wildermuth is serving a life sentence, he cannot claim any constitutional right to a lesser sentence or argue that his statements would put him at any risk of a greater sentence.

[3]Interestingly, one of the cases relied on by the majority in its substantive discussion contains some cogent reasoning on this point. <u>See</u> <u>Solomon v. Elsea</u>, 676 F.2d 282, 284 (7th Cir. 1982) ("It is axiomatic that before due process protections can apply, there must first exist a protect[a]ble liberty or property interest.").

(1979); see Shirley v. Chestnut, 603 F.2d 805, 806 (10th Cir. 1979) (applying Greenholtz).  Here, the state parole board's wholly discretionary decision does not implicate a constitutional liberty interest.

First, Wildermuth has no liberty interest in parole through the Due Process clause itself.  See Greenholtz, 442 U.S. at 7 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994).  Wildermuth's interest in release "is indistinguishable from the initial resistance to being confined," and that interest was extinguished by his conviction and sentence.  Greenholtz, 442 U.S. at 7; see Ohio Adult Parole Auth., 118 S. Ct. at 1249.

Second, although a liberty interest in parole may be created if the state employs mandatory language in its statutory scheme, Greenholtz, 442 U.S. at 11-12; Board of Pardons v. Allen, 482 U.S. 369, 375-78 (1987), Colorado's statutory language does not create such a liberty interest here.  In Colorado, the parole board is given the "sole power to grant or refuse to grant parole" to inmates such as Wildermuth who were convicted of a felony committed prior to July 1, 1979.  See Colo. Rev. Stat. § 17-2-201(5)(a); Martinez v. Furlong, 893 P.2d 130, 131 (Colo. 1995) (en banc).  Therefore, for Wildermuth, "the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty

- 4 -

interest in, parole."[4]  <u>Thompson v. Riveland</u>, 714 P.2d 1338, 1340 (Colo. Ct. App. 1986); <u>see also</u> <u>Ohio Adult Parole Auth.</u>, 118 S. Ct. at 1250-51 (citing <u>Greenholtz</u> and concluding that Ohio's discretionary clemency procedures create only a "unilateral hope," and not a "substantive expectation," in clemency).

The Supreme Court has held that under a discretionary parole scheme such as Colorado's which does not create an entitlement to or liberty interest in parole, an inmate is not entitled to due process protections.  <u>See</u> <u>Greenholtz</u>, 442 U.S. at 7 (analyzing a state parole statute and stating that due process protections apply only when a person has a "legitimate claim of entitlement" and warning that decisions of the Executive Branch do not automatically invoke due process protection, no matter how serious their impact); <u>see also</u> <u>Ohio Adult Parole Auth.</u>, 118 S. Ct. at 1250-52 (plurality opinion) (analyzing discretionary state clemency procedures); <u>Connecticut Bd. of Pardons v. Dumschat</u>, 452 U.S. 458, 464-67 (1981) (analyzing discretionary state commutation procedures ).

---

[4]Moreover, under <u>Sandin v. Conner</u>, Colorado's parole procedures do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995); <u>see</u> <u>Wildermuth v. Scott</u>, No. 96-1167, 1996 WL 547313 (10th Cir. Sept. 26, 1996) (unpublished) (applying the <u>Sandin</u> standard and affirming the district court's dismissal under § 1915(d) of Wildermuth's § 1983 claim because he had no liberty interest in an annual parole hearing).  A denial of parole merely means that Wildermuth must serve the sentence originally imposed.  <u>See</u> <u>Ohio Adult Parole Auth.</u>, 118 S. Ct. at 1251.

Because Wildermuth has no liberty interest in parole under Colorado's system and thus is not entitled to due process protections, he has no claim which would entitle him to relief and his petition should have been dismissed without an evidentiary hearing, and without analyzing the case on the merits.[5]

---

[5]See, e.g., Maghe v. Koch, No. 96-7060, 1997 WL 76014, at *3-4 (10th Cir. Feb. 24, 1997) (unpublished) (citing Greenholtz and affirming the dismissal of a § 1983 complaint because state law created no liberty interest in parole); Malek, 26 F.3d at 1016 (citing Greenholtz and affirming the dismissal of a § 1983 complaint because state law created no liberty interest entitling inmate to due process protections); Dock v. Latimer, 729 F.2d 1287, 1291-92 (10th Cir. 1984) (citing Greenholtz and affirming dismissal of a § 1983 complaint based on failure to comply with state parole statute because there was no violation of a federal constitutional right); Shirley, 603 F.2d at 807 (citing Greenholtz and affirming denial of relief in connection with denial of parole release because state law created no liberty interest in parole and thus due process protections were not applicable); McCall v. Delo, 41 F.3d 1219, 1221 (8th Cir. 1994) (affirming the denial of a § 2254 petition because by revoking a presumptive parole date the board had not deprived the inmate of a liberty interest in violation of due process); Harrington v. Redman, No. 91-1447, 1991 WL 193466, at *1 (6th Cir. Sept. 30, 1991) (unpublished) (citing Greenholtz and affirming the dismissal of a § 2254 petition because state law created no liberty interest in parole and thus there was no right to due process); Irving v. Thigpen, 732 F.2d 1215, 1217-18 (5th Cir. 1984) (stating that there can be no § 1983 claims or habeas petitions based on the denial of parole because state law created no liberty interest in parole and thus there was no right to procedural due process); Boothe v. Hammock, 605 F.2d 661, 664 (2d Cir. 1979) (citing Greenholtz and affirming the dismissal of a § 1983 claim because state law created no protectable interest in parole and thus an inmate's due process claims were without merit); Lum v. Penarosa, -- F. Supp. -- , No. CIV. 98-00087, 1998 WL 166637, at *4 (D. Haw. Apr. 8, 1998) (denying a § 2254 petition because state law created no liberty interest in parole and inmate's due process argument was thus meritless); Hanrahan v. Illinois Prisoner Review Bd., No. 96-CV-50292, 1997 WL 148051, at *2 (N.D. Ill. Mar. 12, 1997) (unpublished) (dismissing a § 2254 petition because state law created no legitimate expectation of parole release and thus inmate could make no due process claim based on denial of parole).

The district court proceeded to the merits, however, without addressing the liberty interest issue. In particular, the district court relied on Paz v. Warden, 787 F.2d 469, 473 (10th Cir. 1986) (holding that the U.S. Parole Commission acted arbitrarily and capriciously in requiring a federal inmate to confess to uncharged crimes as a prerequisite to parole). The district court's reliance on Paz is misplaced, however, because Paz involved a federal parole statute, which is unique from the state parole statute at issue here and which may or may not create a protected liberty interest. See Miller v. Federal Bureau of Prisons, 989 F.2d 420, 423 n.4 (10th Cir. 1993) (assuming without deciding that the federal parole statutes create a protected liberty interest and citing cases that have declined to address the issue); Roberts v. Corrothers, 812 F.2d 1173, 1179 (9th Cir. 1987) (noting that other circuits have addressed the issue and held that federal parole statutes do create a protected liberty interest). Because the federal inmate in Paz likely had a liberty interest in parole that Wildermuth does not have, the district court, relying on that case, and subsequently this court in its majority opinion, engaged in an inappropriate due process merits analysis.[6]

---

[6]Schuemann v. Colorado State Bd. of Adult Parole, 624 F.2d 172 (10th Cir. 1980) is cited by the majority opinion for the standard of review. See id. at 173 (relying on a federal parole case). If the majority reads Schuemann as support for the proposition that the Tenth Circuit automatically applies the standards used in federal parole commission cases to state parole board cases, that reasoning could not withstand scrutiny in light of the authorities cited above and reiterated in the Supreme Court's latest review of its own

(continued...)

Finally, to the extent that Wildermuth's due process claim may be substantive, rather than procedural, it also fails.[7]  See, e.g., Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); Jones v. Georgia State Bd. of Pardons & Paroles, 59 F.3d 1145, 1150 (11th Cir. 1995) (rejecting a substantive due process claim because the inmate had no due-process protected liberty interest in parole); Bailey v. Gardebring, 940 F.2d 1150, 1157 (8th Cir. 1991) (affirming the denial of a

_____

[6](...continued)
law on the subject of when and whether constitutional rights attach to state parole board proceedings.  See generally Ohio Adult Parole Auth., 118 S. Ct. 1244.  Furthermore, even a cursory review of our cases shows that this circuit has not relied on Schuemann for that proposition.  See, e.g., Dock, 729 F.2d at 1291 (citing only that portion of Schuemann which addresses Greenholtz and the liberty interest issue).

[7]I note that at least one circuit, the Third, has held that although an inmate may have no liberty interest in parole, and thus no procedural due process claim, that inmate may nevertheless bring a substantive due process claim.  In Block v. Potter, 631 F.2d 233 (3d Cir. 1980), the Third Circuit concluded that "[e]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."  Id. at 236.  However, not only has this position been rejected by other circuits as the cases cited above indicate, but it has also been called into doubt by the Third Circuit itself.  See Jubilee v. Horn, -- F.3d --, No. 97-1755 (3d Cir. Apr. 9, 1998) (text not available on Westlaw) (recognizing the abrogation of Block); Independent Enters. Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1179 & n.12 (3d Cir. 1997) (stating that "a substantive due process claim grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a 'particular quality of property interest'" (quotation omitted)).

substantive due process claim because the inmate had no liberty interest in parole and no fundamental right to parole).[8]

Ultimately, the district court denied Wildermuth's § 2254 petition, as did the majority opinion here. Those dispositions would be correct if the case warranted a denial on the merits; however, the merits should not have been reached. Because Wildermuth does not allege the violation of a federal right, his petition should have been dismissed by the district court on that ground, and no certificate of probable cause should have been issued by the district court and

---

[8]Our circuit has not directly addressed this issue in a published opinion, but in an unpublished opinion we cited Greenholtz and concluded there was no substantive due process violation where there was no liberty interest in parole. Reed v. Hinckley, No. 91-4094, 1991 WL 268915, at *1 (10th Cir. Dec. 10, 1991) (affirming dismissal of a § 1983 claim). Schuemann takes no clear position on this subject. See 624 F.2d at 173-75.

none should issue from this court.[9]  This appeal should have been dismissed.

Accordingly, I respectfully dissent.[10]

---

[9]The district court erred in issuing Mr. Wildermuth a certificate of probable cause because, as this discussion shows, Mr. Wildermuth has failed to make a substantial showing of the denial of a federal right.  See Lozada v. Deeds, 498 U.S. 430, 431-32 (1991); Barefoot v. Estelle, 463 U.S. 880, 893 (1983), overruled in part on other grounds by Lindh v. Murphy, 117 S. Ct. 2059 (1997).  Therefore, I would quash the certificate issued by the district court and treat Wildermuth's notice of appeal as an application to the judges of this court for a certificate of probable cause, which I would deny.  See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) (holding that a certificate of probable cause was improperly issued when there was no substantial showing of the denial of a federal right, quashing the certificate of probable cause issued by the district court, and treating the notice of appeal as an application for a certificate of probable cause); see also Clisby v. Alabama, 52 F.3d 905, 906 n.1 (11th Cir. 1995).

[10]The mandate is still in this court pursuant to order of the court.  See Fed. R. App. P. 41.  Under Fed. R. App. P. 40, the State of Colorado may still petition for rehearing en banc pursuant to an order of the court enlarging the time for such a petition.  In this case, there would be good grounds with respect to the time aspect, since the publication of this dissent was delayed due to recent health problems of the author.