**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINCOLN EDWARD TAYLOR,

     Petitioner - Appellant,

v.

STEVE HARGETT,

     Respondent - Appellee.

No. 98-6335
(D.C. No. CIV-98-329-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

     Lincoln Edward Taylor appeals the district court's refusal to grant a

certificate of appealability to appeal the denial of his petition for habeas relief.

We have jurisdiction under 28 U.S.C. § 1291, and affirm.

     Petitioner Taylor was convicted by an Oklahoma state court in 1987 on

robbery charges. On March 4, 1998, he filed a habeas petition, challenging his

conviction on various grounds, including double jeopardy and due process. The

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

district court adopted a magistrate judge's recommendation denying the petition as time-barred.[1]  Concluding that Taylor had failed to demonstrate the denial of a constitutional right, the court also refused to grant his application for a certificate of appealability.

In reviewing a denial of a habeas petition, we review the district court factual findings for clear error, and apply the de novo standard to its legal conclusions.  Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998).

We conclude that the district court correctly denied Taylor's habeas petition as time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court."  28 U.S.C. § 2244(d)(1).   For prisoners like Taylor who were convicted before the passage of the statute, the one year limitation period does not begin to run until April 24, 1996, AEDPA's effective date.  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).

Taylor filed his petition on March 4, 1998, some 314 days after the limitation period expired on April 24, 1997.  The statute requires us to toll the

---

[1]The district court also accepted the magistrate's recommendation that even if Taylor's claims were considered on the merits, he was not entitled to habeas relief.  Given our conclusion that Taylor's petition is time-barred, we do not reach the merits of his appeal.

approximately 266 days[2] after AEDPA's effective date that Taylor spent seeking post-conviction relief in Oklahoma state courts. See 28 U.S.C. § 2244(d)(2). Even so, Taylor was forty-seven days late in filing his habeas petition, which the district court correctly dismissed as time-barred.

      **AFFIRMED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] On May 9, 1996, Taylor filed an application for post-conviction relief, which was denied on June 20, 1996. On October 30, 1996, the Oklahoma Court of Criminal Appeals affirmed the dismissal of Taylor's third duplicate application for post-conviction appeal which he had filed on July 3, 1996. On January 23, 1997, Taylor filed another application seeking leave to appeal the denial of his first post-conviction application (filed before AEDPA's effective date). The Oklahoma Court of Criminal Appeals granted the request for leave to appeal but ultimately denied the application for post-conviction relief on May 8, 1997. See R. doc. 12 at 5-6.