**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY R. MULBERRY,

      Petitioner-Appellant,

v.

RICHARD SOARES; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 99-1220

(D.C. No. 99-K-349)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

In October 1993, Petitioner Jeffrey R. Mulberry was incarcerated at the Limon,

Colorado Correctional Facility to serve the following state sentences: (1) four years for

vehicular eluding (Adams County Case 92-CR-2166); (2) twelve years for second degree

assault (Adams County Case 93-CR-0282); (3) four years for attempted second degree

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

burglary (Adams County Case 93-CR-0428); (4) eight years for aggravated motor vehicle theft (Weld County Case 93-CR-76); (5) twelve years for second degree burglary (Arapahoe County Case 93-CR-822); (6) four years for second degree burglary (Jefferson County Case 93-CR-517); and (7) twelve years for second degree burglary (Arapahoe County Case 93-CR-817). Petitioner initially met with the Colorado Parole Board in March 1998. The Board deferred action until January 1999. In January 1999, Petitioner again met with the Board, and the Board again deferred action until January 2000. In response, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner alleged the Board's decision was arbitrary, capricious, and an abuse of discretion, and consequently denied him his constitutional right to liberty. The district court denied the writ and dismissed the petition. The court subsequently denied Petitioner's application for a certificate of appealability and for leave to proceed on appeal in forma pauperis. See Fed. R. App. P. 24. Petitioner's renewed application is before us. Because Petitioner fails to make a substantial showing of the denial of a constitutional right, we deny the application and dismiss the appeal. See 28 U.S.C. § 2253(c); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

For those defendants serving sentences in Colorado for crimes committed on or after July 1, 1985, the Colorado Parole Board has unlimited discretion to grant or deny

---

[1] Petitioner was properly permitted to file his § 2254 petition in federal district court without first seeking review of the Board's decision in state court. See Mahn v. Gunter, 978 F.2d 566, 600 n.3 (10th Cir. 1992).

parole. Thiret v. Kautzky, 792 P.2d 801, 805 (Colo. 1990). Consequently, Petitioner has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). The parole decision in Colorado turns on a "discretionary assessment of a multiplicity of imponderables," including but not necessarily limited to the nature of the crime(s) committed, the amount of time served, and the risk to society. Id. at 10. Where, as in this case, a decision of the parole board turns on such constitutionally valid factors, a decision to defer parole constitutes a sound exercise of discretion and violates no constitutional provision. Wildermuth v. Furlong, 147 F.3d 1234, 1236-37 (10th Cir. 1998). Colorado's parole procedures afforded Petitioner an opportunity to be heard and provided him with valid reasons why his parole was deferred. This is all that the Constitution requires. See Greenholtz, 442 U.S. at 16.

APPLICATION FOR A CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3