**Alfred MADSON, Petitioner–Appellant,**

v.

**Joe ORTIZ, Executive Director, Colorado Department of Corrections,\* Respondent–Appellee.**

No. 01–1351.

United States Court of Appeals, Tenth Circuit.

June 12, 2002.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Joe Ortiz is substituted for John Suthers, former Executive Director, Colorado Department of Corrections, as the respondent in this action.

Before EBEL, HOLLOWAY, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT **

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Alfred Madson, a prisoner at Fremont Correctional Facility in Canon City, Colorado, seeks to appeal the district court's denial of his habeas corpus petition. Madson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the Colorado Department of Corrections Parole Board (Parole Board) acted arbitrarily when it refused his parole. The district court denied that petition, concluding that Madson did not have a constitutionally protected liberty interest under either the United States Constitution or state law and, in any event, that the Parole Board's decision was not arbitrary or capricious. The district court also denied Madson's request for a certificate of appealability (COA); therefore, pursuant to Fed. R.App. P. 22(b)(2), Madson's notice of appeal is deemed a renewed request for a COA to this court. Madson claims: (1) the district court abused its discretion when it decided the merits of his petition without providing Madson an opportunity to rebut the government's reply; and (2) the district court erred by finding the Parole Board did not abuse its discretion in denying Madson's request for parole. For the following reasons, we deny Madson's request for COA and dismiss this appeal.

I.

As a threshold matter, the district court docketed and examined the petition as arising under 28 U.S.C. § 2254. As we have stated, however, a petition filed by a state prisoner challenging the execution of

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a sentence, rather than the validity of a conviction and/or sentence, is properly brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Because Madson is challenging the execution of his sentence, we will treat the petition as one arising under § 2241.

This court has held that "consistent with the plain language of § 2253(c)(1)(A), . . . a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241. . . ." *Montez*, 208 F.3d at 867. Under 28 U.S.C. § 2253, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects the petitioner's habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the district court denies the constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

## II.

Madson first challenges the decision of the district court to deny his habeas petition without providing him an opportunity to respond to the government's reply. Madson filed his original petition with the district court on March 9, 2001. The court subsequently ordered respondent to show cause as to why the petition should not be granted. Respondent replied to the court order on April 4, 2001. Madson did not seek to file a surreply before the district court's ruling, and on June 15, 2001, the district court dismissed his petition.

■ Madson argues that he was denied the right to respond to certain documents submitted with respondent's reply, including an actuarial risk assessment scale and objective parole criteria form. Construing this argument to be one asserting that Madson was denied procedural due process rights, we find it without merit. Although the perceived procedural violation arose at the time the district court dismissed his application, Madson failed to raise the issue with the district court in the form of a Rule 59 motion. As a consequence, the district court was not allowed the opportunity to decide whether Madson was denied any right to respond, and this court has nothing to review. *See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1256 n. 45 (10th Cir.1999) (stating, in context of compromise verdict, that grounds for new trial arising in post-trial proceedings must be presented by means of a motion for new trial). In addition to the time afforded him to file a motion for new trial, Madson had over two months from respondent's reply until the court's dismissal to at least attempt to amend or supplement his petition. Madson failed to do so, and he has not pointed to any authority that compels the district court to seek a further reply in his case. Because we conclude that Madson has waived the issue, we decline to grant a COA on this basis.

## III.

Madson also challenges the decision of the Parole Board to deny him early release. Because Madson is not entitled to mandatory parole, judicial review of the Parole Board's decision is narrow. "[T]he district court reviews the Parole Board's action for abuse of discretion, asking

whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong,* 147 F.3d 1234, 1236 (10th Cir.1998) (quotation omitted). "We review the district court's decision de novo." *Id.* Madson argues that the Parole Board failed to adequately consider mitigating factors such as his poor health, his age, and his acceptance into a nursing home.

It is Madson's burden to demonstrate the denial of a constitutional right in order for a COA to issue. To the extent Madson argues that the Parole Board's action arbitrarily resulted in an abridgement of his constitutional rights, we disagree. Madson has not shown that the Parole Board did not consider the mitigating factors listed in his brief before this court.[1] Indeed, the record contains specific references to Madson's age, medical condition, and acceptance into the nursing home, indicating that the Parole Board did consider these factors in making its decision. Madson makes no argument before this court addressing the district court's conclusion that he does not have a constitutionally protected liberty interest in being released on discretionary parole. Consequently, he has not demonstrated that the issues raised are debatable among jurists, capable of different resolution, or deserving of further proceedings. *See Slack,* 529 U.S. at 483–84, 120 S.Ct. 1595. The request for a COA is DENIED, and the appeal is DISMISSED.

1. In addition to his claim that the Parole Board ignored his age and medical condition, Madson also broadly alleges the Parole Board provided an insufficient rationale for its decision. As noted by the district court, however, although the reasons articulated by the Parole Board are not explained in great detail, they are sufficient for the purpose they serve. *See Schuemann v. Colo. State Bd. of Adult Parole,* 624 F.2d 172, 174 (10th Cir.1980) ("It would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function.").