FILED
United States Court of Appeals
Tenth Circuit

September 28, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DALE STRALEY,

Petitioner-Appellant,

v.

UTAH BOARD OF PARDONS, and
CLINT FRIEL, Warden,

Respondents-Appellees.

No. 08-4170

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. NO. 2:07-CV-579-DB)**

*Submitted on the briefs:*

Wade J. Skalsky, Liberty Bell Law Group, Burbank, California, for Petitioner-Appellant.

Brent A. Burnett, Utah Attorney General's Office, Salt Lake City, Utah, for Respondents-Appellees.

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

Robert D. Straley, a Utah state prisoner, brings this pro se 28 U.S.C. § 2241 petition challenging the constitutionality of Utah's indeterminate sentencing scheme.[1] He claims Utah's statutory sentencing framework, whereby a parole board determines the actual time an offender serves in prison, violates his federal due process and equal protection rights. The district court dismissed Straley's petition, finding he had failed to raise a cognizable claim for relief. We granted a certificate of appealability.

For substantially the same reasons as the district court outlined in its opinion, we DENY Straley's habeas petition.

## I.  Background

In August 1993, Straley was sentenced to two one-to-fifteen-year sentences, to be served concurrently, after he pleaded guilty to two counts of sexual abuse of a child. Straley's prison sentence, however, was stayed and he was placed on probation.

After violating the terms of his probation in 1996, Straley was sent to prison. Subsequently, on four separate occasions between January 2002 and August 2006, Straley was released from prison on parole. Without fail, though, Straley would violate the terms of his parole and return to prison. He is currently

---

[1] Straley filed a pro se motion for a certificate of appealability (COA) and opening brief. We construe these pro se filings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). After we granted COA on two issues, Straley obtained an attorney, who was on Straley's reply brief.

serving the remainder of his fifteen-year sentence in a Utah prison after his most recent parole revocation.

In 2005, Straley filed a petition in Utah state court challenging Utah's indeterminate sentencing statutes. He argued the Utah Board of Pardon's (Board) authority to set a release date within Utah's indeterminate sentencing scheme violated his federal due process and equal protection rights, Utah separation of powers principles, as well as his right to a speedy trial. The state court denied relief.

Subsequently, in August 2007, Straley filed this § 2241 habeas petition in Utah federal court, raising the same arguments challenging the manner and execution of his sentence under Utah's statutory sentencing framework. The district court dismissed the petition after finding "there is no federal constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence—in this case, a span extending to fifteen years in prison." R., Doc. 56 at 2–3. First, the court determined "the Utah parole statute [does not] create a liberty interest entitling prisoners to federal constitutional protection." *Id.* at 3. Second, as to Straley's challenge to Utah's indeterminate sentencing scheme, the court held the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), "specified that indeterminate sentencing schemes are constitutional." R., Doc. 56 at 3. Finally, the court concluded:

[T]he history of [Straley's] sentences belies all his arguments. His sentences were initially stayed and he was put on probation. He apparently would have served no time at all had he observed the terms of his probation. This would obviously have been far, far less than the time recommended by "the [Utah] guidelines." After he served about six years of his sentence, he was again given the chance to serve about nine years less than the fifteen years he originally faced. He then chose—four times—to violate his parole terms and extend his prison stay past six years. It was solely his choice to spend longer than five years imprisoned. It is thus disingenuous for [Straley] to accuse [the Board] of lengthening his prison stay by violating the Constitution.

*Id.*

Straley then brought this appeal. In addition to the arguments he raised before the district court, Straley also contends the district court erred by failing to exclude certain evidence before dismissing the case for failure to state a claim for relief. Because Straley's petition to this court made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we granted a certificate of appealability (COA) on only two issues:

(1) Whether Utah's indeterminate sentencing statute, Utah Code Ann. § 77-18-4, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution; and

(2) Whether the Utah Board of Pardon's role and discretion under Utah's statutory sentencing scheme is unconstitutional.

-4-

## II. Analysis

Straley argues Utah Code Ann. § 77-18-4[2] is unconstitutional for two main reasons. First, he claims the statute violates his due process liberty interests in parole because Utah's indeterminate sentencing scheme fails to ensure a proper check on the Board's discretion in making parole decisions.

Second, he contends his equal protection rights have been violated because similarly-situated offenders have served far less time in prison than he has and the Board's decisions are allegedly rife with religious and racial preferences. Within each of these broader contentions, Straley argues Utah's sentencing framework unconstitutionally imparts the Board with judicial and legislative functions.

Straley makes a third, subsidiary argument that the Board violates federal separation of powers principles.

---

[2] Section 77-18-4 provides:

(1) Whenever a person is convicted of a crime and the judgment provides for a commitment to the state prison, the court shall not fix a definite term of imprisonment unless otherwise provided by law.

(2) The sentence and judgment of imprisonment shall be for an indeterminate term of not less than the minimum and not to exceed the maximum term provided by law for the particular crime.

(3) Except as otherwise expressly provided by law, every sentence, regardless of its form or terms, which purports to be for a shorter or different period of time, shall be construed to be a sentence for the term between the minimum and maximum periods of time provided by law and shall continue until the maximum period has been reached unless sooner terminated or commuted by authority of the Board of Pardons and Parole.

The district court dismissed Straley's § 2241 motion, finding he had failed to raise any federal constitutional ground for relief. *See* § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States."). Addressing these claims on appeal, we review the legal issues de novo. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008). For the reasons discussed below, we agree with the district court and find that Straley fails to raise any federal grounds for relief.

## A. Due Process

Straley's first argument is that Utah's indeterminate sentencing scheme implicates his federal due process rights. He focuses on the fact that, in Utah, state sentencing judges have no discretion to impose a particular, individualized sentence and are instead required to sentence a criminal to an indefinite range of years. Relying on the Utah Supreme Court's decision in *Foote v. Utah Board of Pardons*, 808 P.2d 734, 734–35 (Utah 1991), Straley argues Utah's sentencing process is "legally different [from] traditional parole proceedings." Aplt. Br. at 10. In particular, he claims that because Utah has recognized a state constitutional liberty interest in parole, "the same conclusion must stand under the federal constitution." *Id.* at 11; *see also Neal v. Holden*, 886 P.2d 1097, 1101 (Utah 1994) (finding a state constitutional due process interest in both an original parole grant hearing as well as in a new parole hearing proceeding a parole

-6-

revocation). According to Straley's logic, because such a federal due process interest therefore exists, it must necessarily be violated by (1) the indeterminacy of his sentence, and (2) the Board's discretion to determine his eligibility for parole. These arguments are without merit.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). The extent of the due process protection for prisoners, however, is significantly less than that guaranteed to free persons. *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1339 (10th Cir. 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–57 (1974)). A state's parole statute may create a liberty interest only when the statute's language and application sufficiently limits the discretion of a parole board. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 381 (1987) (determining a Montana parole statute's use of mandatory language created a liberty interest in the expectancy of parole); *Jago v. Van Curen*, 454 U.S. 14, 20–21 (1981) (finding Ohio statute did not create a liberty interest in the expectancy of parole because parole decision was discretionary).

We have previously upheld Utah's sentencing scheme against constitutional challenge. By way of background:

> Utah has a sentencing system in which the trial judge is required to impose the statutorily prescribed range of years and then the Board of Pardons decides the length of time a person is confined. The board relies on [the state] sentencing guidelines to estimate the proper length of sentence under the circumstances and to establish an original parole release date, much like a sentencing judge in the federal system. The Utah Constitution grants due process protection for the original parole grant hearing at which the board determines the predicted terms of incarceration.

*Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (internal citations omitted). But in considering this procedure in *Malek*, we held that while a prisoner's challenge to the Board's parole determination may allege "a violation of the Utah Constitution, a violation of state law alone does not give rise to a federal cause of action." *Id.*

Rather, relying on the Supreme Court decision in *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1978), we found a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it. *Malek*, 26 F.3d at 1015 ("Not only is there no constitutional or inherent right to receive parole prior to the expiration of a valid sentence, but, absent state standards for the granting of parole, decisions of a parole board do not automatically invoke due process protections."). Noting Utah's permissive, rather than mandatory, language with respect to a state prisoner's eligibility for parole, we concluded:

> Following the principles established in *Greenholtz*, [the Utah] statutes create no "legitimate expectation of release." The Utah statute grants the parole board complete discretion in making parole decisions, once an offender is eligible. . . . [W]e hold that the Utah parole statute does not create a liberty interest entitling [a state prisoner] to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution.

*Id.* at 1015–16 (internal citations and quotations omitted).

Straley challenges *Malek*'s precedential value in light of a more recent Supreme Court case, *Sandin v. Conner*, 515 U.S. 472 (1995). We disagree.

As an initial matter, we can dispose of Straley's contention that Utah's "indeterminate" sentencing scheme is unconstitutional. It is not. First, while Utah's sentencing is indeterminate, it operates with constraints. True, once a defendant is convicted, he is sentenced by the state trial court to "an indeterminate sentence as provided by statute." *Padilla v. Utah Bd. of Pardons & Parole*, 947 P.2d 664, 669 (Utah 1994). But this "'indeterminate' sentence shall continue until the maximum period expires *unless* the Board, in its discretion, terminates or commutes the punishment or pardons the offender." *Id.* (emphasis added). So, in reality, the trial court is sentencing the offender to a definite term—the maximum under the relevant state statute. *Id.*; *see Blakely*, 542 U.S. at 303 (noting the constitutionality of determinate sentencing where a judge imposes a statutory sentence solely on the basis of the facts reflected by the jury verdict or admitted by the defendant). Straley does not argue—nor could he here—that his original sentence was imposed without due process. Straley's

-9-

§ 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.

Second, there is no constitutional right to an individualized sentence. *E.g*, *United States v. Horn*, 946 F.2d 738, 746 (10th Cir. 1991) ("We have rejected the notion that a defendant has a due process right to a discretionary, individualized sentence in a noncapital case."). Nothing in Straley's arguments convinces us that any due process interest is violated by Utah's judicially imposed, statutorily-mandated sentence.

We now turn to Straley's contention that our holding in *Malek* is constitutionally suspect after *Sandin v. Conner*. In *Sandin*, the Supreme Court abandoned its *Greenholtz* approach to determining whether state regulations or statutes created a due process interest. While *Greenholtz* had parsed the text of the relevant state law to determine whether a liberty interest had been created, *Sandin* announced that "the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." *Sandin*, 515 U.S. at 483. Instead, the Court held:

> The time has come to return to the due process principles we believe were correctly established and applied in *Wolff*. . . . Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,

> nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483–84 (internal citations omitted); *see also Estate of DiMarco*, 473 F.3d at 1339.

Although we relied on *Greenholtz*'s textual approach in *Malek*, nothing in *Sandin* undermines our ultimate conclusion: a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it. Under *Sandin*, a state creates a liberty interest in avoiding certain *prison conditions* only where those conditions are an atypical and significant hardship in relation to the ordinary incidents of prison life. Notably, *Sandin* was decided only in the context of prison conditions, not *parole eligibility*.

In the context of *parole eligibility*, three key conclusions undermine Straley's due process arguments. First, in a case subsequent to *Sandin*, the Supreme Court itself relied on *Greenholtz* to reaffirm there is no constitutional entitlement to release on parole independent of a right explicitly conferred by the State. *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280 (1998). An individual's interest in release or commutation "is indistinguishable from the initial resistance to being confined," and that interest has already been extinguished by the conviction and sentence. *Id.* (citation and quotation omitted); *see Wildermuth v. Furlong*, 147 F.3d 1234, 1237 (10th Cir. 1998) (same). And most importantly, the Court once again reaffirmed its previous conclusions that a

-11-

prisoner enjoys no substantive expectation for parole. *Sandin*, 515 U.S. at 282–83 (referring to parole proceedings in the context of clemency and pardon). Thus, the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest. *Id.* at 284.

Second, we have never held that a prisoner's eligibility for a *discretionary* parole is an "atypical and significant hardship." Straley's eligibility for parole in no way affects the manner in which he is confined, hence no liberty interest under *Sandin* is implicated.

Finally, even assuming Straley has some federal due process interest in receiving parole, nothing in his petition demonstrates any possible violation. Instead, quite the opposite is true. Straley has apparently been paroled four times. Each time he has chosen to violate the terms of his parole. The Board has the discretion, once Straley is eligible, to grant parole once again. It is simply premature to presume some due process violation by the Board in exercising its discretion.

In sum, our previous holding in *Malek* is still patent. *See Wildermuth*, 147 F.3d at 1234 (applying *Malek* after the Supreme Court's decision in *Sandin*); *Morello v. Utah Bd. of Pardons*, 194 F. App'x 505 (10th Cir. 2006) (applying *Malek* to find no federal due process liberty interest in parole); *Suarez v. Utah Bd. of Pardons & Parole*, 76 F. App'x 230 (10th Cir. 2003) (same); *see also United*

*States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."). The Utah parole statutes grant the Board complete discretion in making parole decisions; Straley has no state entitlement to parole. And, Straley has no federal right to release on parole before serving his fifteen-year sentence. The Utah parole statutes, therefore, do not create a liberty interest entitling Straley to federal due process protections.

Therefore, Straley's petition fails to raise any due process cause of action.

### B. *Equal Protection*

Straley also argues his equal protection rights have been violated by Utah's sentencing framework. Specifically, Straley compares himself to another Utah sex offender who allegedly received a shorter sentence. He makes a conclusory assertion that there are racial disparities in the Board's parole determinations. He also claims the Board shows favoritism towards Mormon sex-offenders. Straley's arguments are unpersuasive.

The Fourteenth Amendment guarantee of equal protection "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Straley fails to provide any real evidence he was treated differently. If anything, he was originally given an even *shorter* sentence than the "similarly situated" individuals Straley claims were given more lenient treatment by the

Board. Straley, in fact, was originally given probation. He would not have served a prison sentence but for his probation violation in 1996. Furthermore, Straley was paroled four times after serving six years of his fifteen-year sentence. Once again, he is back in prison because of his conduct, not because of any parole determination by the Board.

Straley fails to identify any similarly-situated individual that has been given any different or more beneficial treatment. His bare equal protection claims are simply too conclusory to permit a proper legal analysis. *See Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis). We therefore find Straley has failed to raise any plausible equal protection claims.

### C. *Separation of Powers*

Finally, Straley contends the Board improperly operates as "a 'fourth branch of Government.'" Aplt. Br. at 33. These arguments, too, fail to raise any cognizable federal claim for relief.

To the extent Straley challenges the Board's function and discretion under Utah's sentencing scheme as a violation of federal due process and equal protection, we have rejected those claims above.

And, to the extent he contends this violates some federal separation of powers principles, his argument is misplaced. The United States Constitution's separation of powers principles are inapplicable to a state's organization of its

own government. And, Utah courts have rejected identical separation of powers challenges under Utah's constitution. *See Padilla*, 947 P.2d at 669 ("[W]e hold that the Board's exercise of its parole power in setting determinate parole dates does not violate the separation of powers doctrine of article V, section 1 of the Utah Constitution.").

## III. Conclusion

For the foregoing reasons, we DENY Straley's § 2241 petition for habeas relief. We DENY COA on all other issues. We also DENY Straley's motion to disqualify Utah judges on the panel. We further GRANT Straley's motion to proceed *in forma pauperis* and GRANT his pro se motion to supplement the reply brief.