**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM HENRY SHERRATT,

Plaintiff-Appellant,

v.

CLINT FRIEL, Old Warden; STEVEN
TURLEY, New Warden; MICHAEL
CHABRIES, Utah Department of
Corrections Director; JACK FORD,
UDC Administration; DAN LATHAM,
Associate Warden; JAMES LA
BOUNTY, Deputy Warden; LYLE
SMITH, Captain, C-Block/SOTP
Program Security, C-Block OMR;
KENT DEMILLE, LT. C-Block OMR;
GRANT BLAIR, CHS, C-Block OMR;
RANDY LONG, Captain, B-Block
OMR; FNU CAWLEG, Sergeant,
B-Block OMR; SHARON D'AMICO,
CHS, B-Block OMR; DAVID WOLF,
CHS, B-Block OMR; NANCY
MANROE, SATP Counselor, OMR;
DAVID BALLARD, SATP Counselor,
OMR; RON SANCHEZ, SOTP
Director, C-2; KARL POWELL, SOTP
Assistant Director; EMMA HEATH,
SOTP Staff; ANNETTE VALARDE,
A-Block OMR,

Defendants-Appellees.

No. 10-4018
(D.C. No. 2:07-CV-00551-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff-appellant William H. Sherratt was convicted in Utah state court of two counts of first-degree rape. He was sentenced to two concurrent sentences of five years to life under Utah's indeterminate sentencing scheme.

Mr. Sherratt now appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against various officers and employees of the Utah Department of Corrections. The genesis of that cause of action was a downgrading of his prison privileges and living accommodations that occurred in August 2003. Mr. Sherratt's voluminous district court filings generally presented a couple of different main theories. His first theory was that the downgrading occurred without due process and in retaliation for his filing of a habeas corpus action. He asserted that Utah prison employees have an unwritten policy of retaliating against sex offenders who file legal actions attacking their convictions.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Sherratt's second theory was broader and attacked the reason given by the prison for the downgrading. According to Mr. Sherratt, the prison maintained that the downgrading was simply a recognition of the fact that previously granted privileges were incompatible with Mr. Sherratt's failure to participate in the prison's sex offender treatment program (SOTP). Mr. Sherratt claimed that he was wrongly convicted of rape, and essentially argued that this wrongful conviction leads to the Catch-22 of having to admit to a crime he did not commit in order to participate in the SOTP and reap the various benefits (increased privileges, more favorable parole consideration) associated with participation.[1] He asserted that Utah's system of indeterminate sentencing, which allows the parole board great control over the amount of time a prisoner will actually spend in prison, makes the parole board essentially a sentencing court, and that the prison and the parole board should be constitutionally required to consider evidence of his actual innocence before using his failure to attend therapy against him.

The district court sua sponte dismissed Mr. Sherratt's in forma pauperis complaint on screening for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). He asserts on appeal that the district court erred in holding that (1) there was no constitutional liberty interest in maintaining a certain prison

---

[1] The SOTP does not allow prisoners to attend therapy until they are ready to admit they are sex offenders who need such therapy.

classification or housing assignment, and thus Mr. Sherratt had failed to state a claim that a due process violation occurred when the downgrade occurred; (2) Mr. Sherratt had failed to assert facts sufficient to show facial plausibility that "but for" his filing of a habeas action, he would have been allowed to keep his increased privileges despite his non-participation in SOTP; (3) Utah's indeterminate sentencing scheme was not unconstitutional, parole is a privilege and not a right, and the Utah parole statute did not create a federal constitutional liberty interest, *see Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1212-15 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010), and (4) to the extent that Mr. Sherratt was attacking the basis of his confinement, he was improperly attempting to advance habeas corpus claims in a § 1983 action, *see Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining "that a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement" (quotations and citation omitted)).

Appellant proceeds pro se, and therefore we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, "[w]e review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the

facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* Specifically, "we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quotation omitted). Upon consideration of Mr. Sherratt's brief and the contentions therein, the entire record on appeal, and de novo review of the district court's order, we affirm the dismissal of Mr. Sherratt's complaint for substantially the same reasons set forth by the district court in its December 11, 2009, order dismissing Mr. Sherratt's cause of action.

Mr. Sherratt also filed two motions to supplement the record. The first seeks to supplement the record with a audio recording of a parole board hearing that took place three months after the district court dismissed his cause of action. The second seeks to supplement the record with an affidavit concerning allegedly retaliatory conduct on the part of prison officials occurring in 2010. To support

his motions, Mr. Sherratt cites to *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001), which observes that "it might be appropriate for a [district] court to consider additional facts or legal theories asserted in a *response brief to a motion to dismiss* if they were consistent with the facts and theories advanced in the *complaint*[.]" (emphasis added). *Hayes* is inapposite and we decline to supplement the record.

Mr. Sherratt also filed a motion asking us to take "Judicial Notice" of Utah Code Ann. § 64-9b-4, which provides that rehabilitative and employment opportunities in Utah prisons are voluntary. It appears Mr. Sherratt is attempting to argue on appeal that defendants' conduct violated this state law. His argument is dismissed for not being properly raised in the district court or in his appellate brief. *See Emp'rs Mut. Cas. Co v. Bartile Roofs, Inc.*, ___ F.3d ___, Nos. 08-8064, 08-8068, 2010 WL 3473382, at 16 n.20 (10th Cir. Sept. 7, 2010).

The judgment of the district court is AFFIRMED for substantially the same reasons set forth by the district court in its December 11, 2009, order dismissing Mr. Sherratt's cause of action. Mr. Sherratt's motions to supplement the record with additional factual information are DENIED. His argument concerning Utah Code Ann. § 64-9b-4 is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-