**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT PEDOCKIE,

      Petitioner - Appellant,

v.

ALFRED BIGELOW,

      Respondent - Appellee.

No. 12-4098
(D.C. No. 2:11-CV-00824 TC)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Robert B. Pedockie, a Utah state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his petition for writ of

habeas corpus brought pursuant to 28 U.S.C. §§ 2241 and 2254. We deny his request for

---

    *This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Pedockie is proceeding pro se, we construe his pleadings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584
F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments
liberally; this rule of liberal construction stops, however, at the point at which we begin
to serve as his advocate.").

a COA and dismiss this matter.  We also deny his request to proceed *in forma pauperis.*

## I.  BACKGROUND

### A.  *First and Second Trials and Appeals*

Mr. Pedockie was convicted of aggravated kidnapping, a first degree felony, in violation of Utah Code Ann. § 76-5-302 (1999).  He was "sentenced to ten-years-to-life, and was not given credit for time served."  *State v. Pedockie*, No. 20070375-CA, 2008 WL 4899186 at *1 (Utah Ct. App. Nov. 14, 2008).  On appeal, the Utah Court of Appeals concluded that Mr. Pedockie's rights had not been violated when the trial court sentenced him without credit for time served because the Utah State Board of Pardons and Parole (the "Board") has exclusive authority to grant credit for time served.  *Id*. at 3.

### B.  *Board Hearing*

Mr. Pedockie had a parole hearing before the Board on May 22, 2007.  [ROA at 40.]  The record does not supply this procedural history, so we must consider the Board's decision as it is described in Mr. Pedockie's arguments.  He states that the Board applied a sentencing matrix used to determine the minimum sentence for sex offenders rather than the sentencing matrix used for non-sex offenders,  [*Id*.; *see* ROA at 43-44] and that the Board also required that he participate in sex offender treatment to be eligible for parole.

A subsequent letter to Mr. Pedockie from the Board states that it was aware Mr. Pedockie was "not formally convicted of a sexual offense and [was] not on the sex offender registry."  ROA at 42.  Nevertheless, as the offense Mr. Pedockie committed

"had elements of sexual force against another adult," the Board "recommended sex offender treatment." *Id*.

## C. *Petition for Extraordinary Relief*

Mr. Pedockie then filed a petition for extraordinary relief in the Utah Third District Court under Rule 65B of the Utah Rules of Civil Procedure, challenging the Board's determinations. *Pedockie v. Bd. of Pardons*, No. 20091078-CA, 2010 WL 975608 at *1 (Utah Ct. App. March 18, 2010). The district court denied the petition, and the Utah Court of Appeals affirmed the denial on appeal. *See id*. The Utah Supreme Court denied review. *Pedockie v. Bd. of Pardons*, 241 P.3d 771 (Utah 2010).

## D. *Federal Habeas Petition*

Mr. Pedockie next filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 in the United States District Court for the District of Utah. He claimed that the Board violated his right to (1) a fair and speedy trial; his rights against (2) ex post facto punishment and (3) cruel and unusual punishment; his rights to (4) equal treatment and protection and to (5) due process under the Fifth and Fourteenth Amendments; and (6) his Sixth Amendment rights. [ROA at 18.]

The district court denied the habeas petition, holding that most of Mr. Pedockie's claims were federal constitutional challenges to Utah's indeterminate sentencing scheme and that such challenges had been rejected in *Straley v. Utah Board of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied,* 130 S. Ct. 1737 (2010).

The court understood Mr. Pedockie's remaining claims to assert (1) an entitlement

to an earlier release; (2) the Board's failure to protect his constitutional rights in determining whether to grant parole; and (3) the right to due process in parole determinations under Utah rather than federal law. The court rejected the first two claims because Mr. Pedockie did not have a federal constitutional right to release before the expiration of a valid sentence, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and he had no federal due process liberty interest, *see Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). The court denied the third claim because it was based on state law and therefore not appropriate for federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The district court dismissed Mr. Pedockie's petition and did not rule on a COA.

## II. DISCUSSION

Mr. Pedockie may not appeal the district court's decision without a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Mr. Pedockie must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In his request for COA, Mr. Pedockie insists that he is not challenging Utah's indeterminate sentencing scheme but instead is asserting particular constitutional

violations based on the way that the Board handled his parole hearing and made its decision. After sorting through those claims, we conclude that most of them are barred by our decisions in *Straley, Malek*, and *Chambers v. Colorado Department of Corrections,* 205 F.3d 1237 (10th Cir. 2000), and the rest are state law claims that are not appropriate for federal habeas review.

Mr. Pedockie's claims are not well-organized or clearly presented in his request for a COA, and it is not always apparent what constitutional basis he asserts for his claims. As best as we can tell from his pro se brief and application for COA, he appears to claim the Board violated (1) his procedural due process rights by relying on a different sentencing matrix and requiring him to participate in sex offender treatment; (2) separation of powers principles by relying on a different matrix and by making itself into a sentencing court; (3) his right to a speedy trial; (4) his right to equal protection by giving him a longer sentence than others convicted of kidnapping and requiring that he participate in treatment; (5) his right to a jury determination under the Sixth Amendment by finding a sexual element to his crime and punishing him accordingly when he was never convicted of a sexual offense; (6) his right to be free from cruel and unusual punishment for the same reason as his Sixth Amendment claim; (7) his right to be free of ex post facto punishment, by punishing him for a crime for which he had not been convicted; (8) rights under Utah law regarding parole hearings and trial court sentencing; and (9) an unspecified right based on a comment from an unnamed Board member.

Mr. Pedockie's first four claims were resolved in *Straley*. His fifth, sixth, and

seventh claims were resolved in *Malek* and *Chambers*.  His remaining claims fail as well.

**1.** *Claims Addressed in* **Straley**—*Claims 1-4.*  As the district court correctly noted, this court addressed the first four claims in *Straley*.  The problem with his first claim regarding procedural due process is the failure to establish a liberty interest.  In *Malek* and *Straley*, we noted that "[t]he Utah statute grants the parole board complete discretion in making parole decisions."  *Malek*, 26 F.3d at 1016; *see Straley*, 582 F.3d at 1213.  Mr. Pedockie therefore "has no state entitlement to parole," and he also has no federal right to release on parole before he has served the maximum of his sentence.  *Straley*, 582 F.3d at 1214-15.  Accordingly, Mr. Pedockie does not have "a liberty interest entitling [him] to federal due process protections."  *Id*. at 1215.

Regarding the second claim on separation of powers, we held in *Straley* that there is no merit to such a claim "[t]o the extent" it "challenges the Board's function and discretion . . . as a violation of federal due process and equal protection."  *Id*.  Moreover, federal constitutional "separation of powers principles are inapplicable to a state's organization of its own government."  *Id*.

The third claim concerning speedy trial fails because we rejected it in *Straley* along with the claims about the indeterminacy of the sentencing scheme and the discretion granted to the Board.  *See id*. at 1210, 1215-16.

The fourth claim for an equal protection violation mirrors a similar claim that was rejected in *Straley*.  Mr. Pedockie argues that the Board imposed lesser sentences on others convicted of kidnapping.  He fails to provide evidence that the individuals

-6-

involved were similarly-situated, i.e., that they had been given lesser sentences despite sexual components to their offenses that would call for treatment. As in *Straley,* his equal protection claim is "too conclusory to permit a proper legal analysis." 582 F.3d at 1215.

2. ***Claims Addressed in* Malek *and* Chambers—*Claims 5-7.*** Our decisions in *Malek* and *Chambers* dispose of Mr. Pedockie's Sixth Amendment, cruel and unusual punishment, and ex post facto claims. We wrote, "Because Utah prisoners have no legitimate entitlement to parole prior to the completion of their sentence, neither the denial of parole nor the lack of enforceable parole guidelines can constitute cruel and unusual punishment, double jeopardy, or ex post facto application of the law." 26 F.3d at 1016. We reaffirmed *Malek's* holding in *Straley. See* 582 P. 3d at 1214. Moreover, we have held that prison officials may consider and require rehabilitative treatment for "any history established in [an] inmate's record." *Chambers*, 205 F.3d at 1242; *see also Gwinn v. Awmiller*, 354 F.3d 1211, 1227 (10th Cir. 2004). As long as the Board's actions do "not affect the legal consequences of [a prisoner's] crime or increase his punishment, there is no ex post facto violation." *Chambers,* 205 F.3d at 1242 (quotations omitted).

Mr. Pedockie was sentenced to ten-years-to-life. He has no legitimate entitlement to parole before the completion of the maximum term of that sentence, and the Board's actions have not increased his punishment. The district court correctly dismissed his Sixth Amendment, cruel and unusual punishment, and ex post facto claims.

3. ***State Law Claims—Claim 8.*** Mr. Pedockie cites to several cases based on

Utah law to challenge the Board hearing and his sentence. But "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Anderson-Bey v. Zavaras*, 641 F.3d 445, 448 (10th Cir. 2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). As the district court correctly noted, any of Mr. Pedockie's claims that are based on state law are not eligible for federal habeas relief.

4**. *Other—Claim 9.*** Mr. Pedockie alleged that a Board member said that "he would have probably received a date by now had he not appealed his case." Pet. Br. at 13. Mr. Pedockie has neither supplied the name of this alleged Board member nor any evidence of the statement. Mr. Pedockie does not specify what constitutional right he thinks was violated. We decline to venture a guess because his claim is "too conclusory to permit a proper legal analysis." *Straley*, 582 F.3d at 1215.

### III.   CONCLUSION

We agree with the district court that Mr. Pedockie's petition lacks merit. We also conclude "that reasonable jurists could [not] debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted). We deny his request for a COA and dismiss this matter.

Finally, Mr. Pedockie requests leave to proceed *in forma pauperis*. Having examined Mr. Pedockie's complaint and arguments on appeal, it "appears that the complaint lacks an arguable basis either in law or fact." *Malek*, 26 F.3d at 1015; *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992). As he has failed to demonstrate a

nonfrivolous argument, we deny Mr. Pedockie's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge