**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES ARLEN CHILDS,

      Petitioner–Appellant,

v.

ROGER WERHOLTZ, Interim Executive
Director, Colorado Department of
Corrections,

      Respondent–Appellee.

No. 13-1045
(D.C. No. 1:12-CV-01401-CMA)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

James Arlen Childs, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2241 habeas petition. We

deny a COA and dismiss the appeal.

**I**

Childs is currently serving consecutive sentences of sixteen and thirty-two years in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prison pursuant to convictions for first-degree sexual assault and second-degree burglary. In May 2009, Childs became eligible for parole and appeared before the Colorado Parole Board, which denied release. He has been denied release on parole each year since.

In May 2012, Childs filed a § 2241 petition in federal district court, seeking habeas relief on his claims that the denial of parole violated his due process and equal protection rights. The district court rejected his petition and declined to grant a COA. Childs timely appealed.

**II**

A § 2241 petitioner in state custody must obtain a COA to appeal the district court's denial of relief. See Montez v. McKinna, 208 F.3d 862, 868-69 (10th Cir. 2000). A petitioner may obtain a COA only by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because Childs proceeds pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

For Childs' due process claim to succeed, he must demonstrate the existence of a liberty interest. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). A liberty interest may arise from either the Due Process Clause or from state or federal law. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998). However, the Due Process Clause does not create a protected liberty interest in a prisoner's release prior to the

expiration of a valid sentence.  See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam).

"[A] federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it," and "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest."  Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1214 (10th Cir. 2009).  In Colorado, the Colorado Parole Board has "unlimited discretion to grant or deny parole" for defendants serving sentences for crimes committed on or after July 1, 1985.  Mulberry v. Neal, 96 F. Supp. 2d 1149, 1150 (D. Colo. 2000) (citing Thiret v. Kautzky, 792 P.2d 801, 805 (Colo. 1990)).  Childs is serving a sentence for crimes committed on June 1, 1986.  His due process claims thus fail for lack of a constitutionally protected liberty interest.

We are also not persuaded by the cursory allegation of an equal protection violation contained in Childs' opening brief and application for a COA.  To the extent that his pro se filings can be construed to address the issue raised in his original petition—that the denial of his parole violated his equal protection rights—these materials fail to provide the necessary factual specificity to state a cognizable claim.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

### III

We **DENY** a COA and **DISMISS** the appeal.  We **DENY** Childs' motion to proceed in forma pauperis because he has failed to make a "reasoned, nonfrivolous

argument on the law and facts in support of the issues raised on appeal." DeBardeleben

v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Carlos F. Lucero
Circuit Judge