FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

QUINN AARON KLEIN,

       Defendant - Appellant.

No. 14-6165
(D.C. No. 5:05-CR-00101-C-1)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

---

     [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Quinn Aaron Klein, proceeding pro se, appeals the district court's denial of his motion to revoke his supervised release. Exercising jurisdiction pursuant to 28 U.S.C. §1291, we affirm.

## I.   BACKGROUND

Mr. Klein pled guilty before the United States District Court for the Western District of Oklahoma to one count of wire fraud. The district court sentenced him to 27 months' imprisonment in a federal institution and 36 months of supervised release. After Mr. Klein completed his 27 month term of imprisonment, he was transferred to the custody of the Oklahoma Department of Corrections to serve sentences for independent violations of state law. He remains incarcerated in state prison, and is scheduled to be released in 2017.[1]

While incarcerated in state prison, Mr. Klein filed a motion in the district court requesting that the court revoke his federal term of supervised release, "retrieve him from [the] Oklahoma Dep[artment] of Corrections[,] and deliver him" into federal custody.

---

[1] The government has provided information related to Mr. Klein's inmate status by directing us to the Federal Bureau of Prison's online Inmate Locator as well as the Oklahoma Department of Corrections online Offender Lookup. Mr. Klein does not dispute the accuracy of this information, and has confirmed he was incarcerated in an Oklahoma state facility at the time he requested that the court revoke his supervised release. Thus, we take judicial notice of Mr. Klein's inmate status for the purposes of this appeal. *See* 29 Am. Jur. 2d *Evidence* § 96 (2014) (explaining that courts may take judicial notice of information publicly announced on a party's website, "as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination," and recognizing that courts have taken judicial notice of information on "prisoner locator" websites).

Before the government responded, and without a hearing, the district court denied Mr. Klein's motion "as without legal or factual foundation."

Subsequently, Mr. Klein filed a motion with the district court to proceed in forma pauperis on appeal. Pursuant to 28 U.S.C. § 1915(a)(3), the district court determined that any appeal from its order would not be taken in good faith and denied Mr. Klein's motion on that basis. Mr. Klein timely filed an appeal of the district court's denial of his motion to revoke his supervised release and filed a renewed motion to proceed in forma pauperis on appeal.

## II. DISCUSSION

Mr. Klein challenges the district court's denial of his motion to revoke his supervised release, asserting the district court violated his due process rights by denying his motion without a hearing because he "brought up very serious life or death issues." He also challenges the district court's decision on equal protection grounds, claiming the denial of the motion violated his right to be "equally protected," and asserting the district court's decision was motivated by bias towards Mr. Klein's sexual orientation.

Because Mr. Klein proceeds pro se, we construe his briefing liberally and hold him to a less stringent standard than we would hold parties represented by counsel. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nonetheless, we do not take on the responsibility of serving as Mr. Klein's attorney in constructing his arguments, searching the record, or performing the necessary legal research. *Id.* at 840–41; *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.

-3-

1994) (noting that, even with a pro se litigant, "we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments").

We address each of Mr. Klein's arguments in turn, and conclude neither has merit. We also deny his motion for leave to proceed in forma pauperis.

## A.  *Due Process*

The Due Process Clause applies when government action deprives a person of liberty or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order for a person to have a liberty interest entitled to protection, he must have a legitimate claim of entitlement to it. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) ("Since [plaintiff] was not deprived of any liberty to which he was entitled, no particular process was constitutionally due or required . . . ."). In the instant case, Mr. Klein's due process argument fails because he has identified no protectable liberty interest in having the term of his supervised release proactively revoked so that he can be transferred from a state institution into federal custody. *Cf. Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that a prisoner does not have a constitutional liberty interest in being confined in any particular institution because the Due Process Clause does not "in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). Accordingly, Mr. Klein's due process argument is without merit.

## B. Equal Protection

Mr. Klein's challenge to the district court's denial of his motion on equal protection grounds also fails. "The Fourteenth Amendment guarantee of equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To properly assert a challenge to the district court's decision on equal protection grounds, Mr. Klein must identify different or less-beneficial treatment provided to him than to similarly-situated individuals. *See id.*

Here, even construing Mr. Klein's brief liberally, his challenge to the district court's decision on equal protection grounds lacks merit. He identifies no similarly-situated individuals the district court treated more favorably with respect to revocation of supervised release. And he makes no factual assertions that would support his allegation that the denial of his motion was the result of bias based on his sexual orientation. As previously explained, the district court correctly denied Mr. Klein's request to revoke his supervised release because he has identified no protectable liberty interest in having the term of his supervised release proactively revoked so that he can be transferred from a state institution into federal custody. Therefore, we reject Mr. Klein's challenge to the district court's decision on equal protection grounds.

### C. *Motion for Leave to Proceed in Forma Pauperis*

Finally, we deny Mr. Klein's motion for leave to proceed in forma pauperis. Any court of the United States can grant an indigent litigant pauper status so that the litigant may commence, prosecute, defend, or appeal any civil or criminal action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). But § 1915 also provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). Despite this limitation, we have held that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (internal quotation marks omitted). To do so, however, the appellant must show not only "a financial inability to pay the required filing fees," but also "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

As illustrated by our discussion of Mr. Klein's due process and equal protection claims, he has failed to demonstrate the existence of a nonfrivolous argument on appeal. For this reason, we deny Mr. Klein's motion to proceed in forma pauperis.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order denying

Mr. Klein's motion to revoke his supervised release, and DENY his motion to proceed in

forma pauperis.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge