FILED
United States Court of Appeals
Tenth Circuit

October 6, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

SCOTT A. SOLLIS,

     Petitioner - Appellant,

v.

WARDEN LIND,

     Respondent - Appellee.

No. 16-1238
(D.C. No. 1:16-CV-00673-LTB)
(D. Colo.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

     Defendant-Appellant Scott A. Sollis, a state inmate appearing pro se, seeks

a certificate of appealability ("COA") to appeal from the district court's dismissal

of his Application for a Writ of Habeas Corpus ("Application") made pursuant to

28 U.S.C. § 2241.  We deny Mr. Sollis's requests for a COA and in forma paupris

("IFP"), and dismiss the appeal because he has not made "a substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see Slack v.

McDaniel, 529 U.S. 473, 483–84 (2000).

     State prisoners seeking to appeal the denial of relief under § 2241 must

obtain a COA.  Montez v. McKinna, 208 F.3d 862, 868–69 (10th Cir. 2000).  To

obtain a COA, Mr. Sollis must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

On appeal, Mr. Sollis argues that his parole hearing was conducted unlawfully. In his Application, he argued that the correctional facility personal deprived him of liberty in violation of the Fourteenth Amendment's Due Process Clause by, without notice, rescheduling his parole hearing for an earlier date, and by distracting him during his parole hearing. These events, he maintains, constituted a deprivation of liberty because he did not have enough time, and was not in the proper mindset, to prepare and execute an adequate defense. The district court concluded that because a parole board's decision is discretionary under state law, Mr. Sollis lacked a constitutionally protected liberty interest.

The district court's conclusion is not reasonably debatable. Parole is not a liberty interest under federal law. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole."). A state can make parole a liberty interest if it includes mandatory language in its parole statute, Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987), but Colorado has not done so. For prisoners serving sentences for crimes

2

committed after July 1, 1985, the Colorado Parole Board has "'unlimited discretion'" to grant or deny prisoners parole. <u>Childs v. Werholtz</u>, 516 F. App'x 708, 709 (10th Cir. 2013) (quoting <u>Mulberry v. Neal</u>, 96 F. Supp. 2d 1149, 1150 (D. Colo. 2000)). Mr. Sollis was convicted of committing a crime that occurred after July 1, 1985, and therefore does not have a liberty interest in parole under Colorado law.

Because Mr. Sollis has not identified a valid liberty interest, it was unnecessary for the district court to consider whether the state provided him with adequate process.

We DENY Mr. Sollis's request for a COA, DENY his motion for IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3