**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELMART E.J.M. VREELAND, II,

    Plaintiff - Appellant,

v.

RICHARD RAEMISCH; MARY
CARLSON; CDOC DIRECTOR OF
SOTMP; ROBIN GARRELTS;
COLORADO SEX OFFENDER
MANAGEMENT BOARD ALL
MEMBERS; STATE OF COLORADO
PAROLE BOARD ALL MEMBERS;
AMICH & JENKS,

    Defendants - Appellees.

No. 20-1383
(D.C. No. 1:20-CV-00020-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Plaintiff-Appellant Delmart Vreeland, an inmate at Arkansas Valley

Correctional Facility, appeals from the district court following the dismissal of his

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

claims brought under 42 U.S.C. § 1983.  Relying on a magistrate judge's recommendation, the district court dismissed Mr. Vreeland's claims for being frivolous or for failing to state a claim for relief.  See Vreeland v. Raemisch, No. 20-cv-00020-LTB-GPG, 2020 WL 6193883 (D. Colo. Sept. 23, 2020); R. 141–61 (recommendation).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

Mr. Vreeland filed a complaint in Colorado state court asserting thirteen constitutional claims related to his parole eligibility, programs available for sex offenders, and his experiences at the correctional facility.  R. 13–34.  The defendants removed the case to federal court, id. at 8–11, and the assigned magistrate judge ordered Mr. Vreeland to file an amended complaint that comports with the Fed. R. Civ. P. 8, id. at 73–75.  Mr. Vreeland filed an amended complaint asserting twelve claims pursuant to 42 U.S.C. § 1983.  Id. at 85–110.

The district court referred the matter to a magistrate judge to screen under 28 U.S.C. § 1915A.  The magistrate judge recommended that the case be dismissed because the claims were frivolous.  Id. at 141–161.  The magistrate judge noted that many of the claims were similar to claims rejected in Vreeland v. Raemisch, No. 18-cv-02685-LTB-GPG, 2019 WL 8128734 (D. Colo. Mar. 15, 2019), aff'd, 777 F. App'x 281 (10th Cir. 2019).  Based on two motions filed by Mr. Vreeland, the magistrate judge agreed to give him until August 31, 2020 to file objections to the report.  R. 6.  But on August 20, 2020, Mr. Vreeland filed a motion for an indefinite

extension of time due to his inability to obtain typing paper. Aplee. Supp. App. 9–10. Mr. Vreeland did not file any objections to the report on August 31. On September 21, Mr. Vreeland filed another motion for a 45-day extension based on having limited access to legal supplies and resources. Id. at 19–20. Finally, on September 23, the district court denied Mr. Vreeland's motions, adopted the magistrate judge's recommendation, and dismissed the complaint. Vreeland, 2020 WL 6193883, at *2.

On appeal, Mr. Vreeland argues that (1) the district court abused its discretion by denying his motions for extensions of time, and (2) the court erred by dismissing his claims. We disagree and conclude that the complaint was properly dismissed.

## Discussion

### I. Denial of Mr. Vreeland's Motions for Time Extension

Mr. Vreeland first argues that the district court erred by adopting the report and recommendation without allowing him additional time to file objections. We review the denial of Mr. Vreeland's two motions for an extension of time for abuse of discretion, Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016), and find none.

The basis for Mr. Vreeland's August 20 and September 21 motions was his inability to have access to legal supplies, particularly typing paper. But as the district court noted, Mr. Vreeland had submitted type-written filings in numerous other cases in August, including three new federal district court cases. Vreeland, 2020 WL 6193883, at *1. Mr. Vreeland chose to submit those filings despite having this case's

3

deadline extended by roughly three months.  Mr. Vreeland now argues that he needed to prioritize the other case filings because of statutes of limitation.  Aplt. Br. at 23. He did not, however, present that argument in his motion before the district court, so we will not consider it here.  See Strauss v. Angie's List, Inc., 951 F.3d 1263, 1266 n.3 (10th Cir. 2020).  Based on those circumstances, the district court did not abuse its discretion when it denied Mr. Vreeland's motions for an extension of time.  Courts simply do not grant unlimited time to respond.

## II.      Dismissal of Mr. Vreeland's Amended Complaint

Next, we turn to whether the district court erred in dismissing Mr. Vreeland's claims under 28 U.S.C. § 1915A for being frivolous or for failing to state a claim. Defendants-Appellees argue that because Mr. Vreeland did not file objections (and because the district court properly denied the time extension), Mr. Vreeland has waived his right to appeal.  Aplee. Br. at 17–20.  Mr. Vreeland contends that appellate review is appropriate in the "interests of justice."  Aplt. Br. at 21.

This court has adopted a firm waiver rule stating that when a party fails to object to a magistrate judge's recommendation, the party waives appellate review. Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008).  The firm waiver rule does not apply in two circumstances: (1) when a pro se litigant was not informed of the deadline to object or "the consequences of failing to object," and (2) when review is in "the interests of justice."[1]  Id.  Our consideration of the "interests of justice"

---

[1] The first exception does not apply because the magistrate judge informed Mr. Vreeland of the 14-day deadline to file objections.  See R. 141 n.2.

4

exception "is similar to reviewing for plain error," which requires Mr. Vreeland to show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1238 (citations omitted).

Having reviewed Mr. Vreeland's complaint, we agree with the magistrate judge's careful assessment of the claims and his ultimate recommendation to dismiss the case. Mr. Vreeland has therefore failed to show error, let alone plain error.

The bulk of Mr. Vreeland's claims assert due process and Eighth Amendment violations based on his inability to be paroled or transferred to a lower level facility. For Mr. Vreeland to have a protected liberty interest in early release or parole, he would need a "legitimate claim of entitlement to it." Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1212–13 (10th Cir. 2009); see Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam). But he cannot claim entitlement to parole in Colorado because the decision to grant parole to Mr. Vreeland is left to the parole board's discretion. See Vensor v. People, 151 P.3d 1274, 1276 (Colo. 2007). As a result, Mr. Vreeland's due process claims necessarily fail.

As for his Eighth Amendment claims, simply being denied parole and remaining in custody does not amount to cruel or unusual punishment. To succeed on these claims, Mr. Vreeland must show that (1) he has suffered a serious injury and (2) the defendants had the requisite state of mind. See Grissom v. Roberts, 902 F.3d 1162, 1174 (10th Cir. 2018). But on the whole, Mr. Vreeland does not argue that he is experiencing inhumane conditions, nor does he address the elements of a deliberate

indifference claim.  Instead, he has focused on his continued confinement as the basis for his claims.  To the extent he argues that the prison is overcrowded, his allegations do not amount to the deprivation of "the minimal civilized measure of life's necessities."  Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998) (citations omitted); see Savage v. Fallin, 663 F. App'x 588, 592 (10th Cir. 2016) (unpublished).  The district court properly dismissed Mr. Vreeland's Eighth Amendment claims.

The remainder of Mr. Vreeland's claims are equally meritless.  At times, his complaint seems to attack the validity of his sentence, but a § 1983 action is not the correct vehicle and the claims are subject to dismissal.  See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).  His equal protection claims fail to identify a similarly situated person — a necessary element for a claim — but instead compare his treatment to that of non-sex offenders and non-citizens.  See Carney v. Okla. Dep't of Pub. Safety, 875 F.3d 1347, 1353 (10th Cir. 2017).  Finally, Mr. Vreeland's claims regarding the requirements for participating in the sex offender treatment program are frivolous.  We have previously approved of the requirement that a sex offender admit that he or she committed a sex offense before accessing treatment.  See Wirsching v. Colorado, 360 F.3d 1191, 1202–04 (10th Cir. 2004).

The underlying dismissal counts as a strike, as does his prior similar action.  See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020); Coleman v. Tollefson, 575 U.S. 532, 537 (2015).  This appeal should also count as a strike.

AFFIRMED.  We DENY the motion to proceed IFP on appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge